The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Paul Francis Carlson has committed professional misconduct warranting public discipline-namely, as one of the partners in a law firm, failing to supervise non-lawyer support staff to ensure that the required trust account books and records were maintained, that the trust account records that were maintained were accurate, and that client funds were deposited into trust; failing to safeguard client funds; commingling earned fees in the trust account; and negligently misappropriating client funds. See Minn. R. Prof. Conduct 1.15(a), 1.15(b), 1.15(c)(3), 1.15(c)(5), 1.15(h), and 5.3(a).
Respondent and the Director have entered into a stipulation for discipline. In it, respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional
Responsibility (RLPR), waives his right to answer the petition, and unconditionally admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand followed by 2 years of probation.
This court has independently reviewed the file and approves the jointly recommended disposition.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Paul Francis Carlson is publicly reprimanded.
2. Respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR.
3. Respondent is placed on probation for 2 years, subject to the following terms and conditions:
a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
b. Respondent shall abide by the Minnesota Rules of Professional Conduct.
c. If, at any time during his probation, respondent becomes a signatory on a trust account or otherwise becomes responsible for a trust account, he shall immediately so inform the Director and maintain law office and trust account *775 books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. The trust account books and records shall include the following: client subsidiary ledgers; checkbook registers; monthly trial balance reports; monthly reconciliation reports; bank statements; canceled checks (if they are provided with the bank statements); duplicate deposit slips; bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program; and bank wire, electronic, or telephone transfer confirmations. Such books and records shall be made available to the Director within 30 days of when respondent becomes a signatory on a trust account or otherwise becomes responsible for a trust account and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice